LAND, J.
 

 Plaintiff brought the present suit to recover the sum of $5,187.17 against defendant company in connection with a contract with said company to secure advertising matter for a special edition of the Tangipahoa Parish News, a newspaper published at Amite in that parish.
 

 Plaintiff alleges that she entered into this contract with defendant company on March 28, 1927; that she was to be paid $40 per page for securing advertisements for a 150-page special edition, but that only an 80-page
 
 *595
 
 edition was issued, and that she is due for .«ame the sum of $3,200.00.
 

 Plaintiff further alleges that the special edition was to have been published on July 15, 1927, but, owing to the fact that defendant company put on a subscription contest, over the protest of plaintiff, the edition was .not published until September 15,1927, thereby entailing upon defendant incidental expenses during two months’ delay on publication amounting to $230, and resulting in a loss of $2,800, which plaintiff could have secured for advertising matter, if said subscription contest had not been inaugurated by defendant company in violation of its contract with plaintiff.
 

 For reasons orally assigned, judgment was rendered against defendant company in the lower court in favor of plaintiff in the sum of $1,800, with legal .interest from January 1, 1928, until paid, and all costs of suit.
 

 From this judgment defendant company has appealed.
 

 At the outset, defendant company disputes the terms of the contract upon which plaintiff sues, and the contract itself, annexed to plaintiff’s petition, does not sustain the allegations made in her petition respecting its various stipulations.
 

 The contract upon which plaintiff relies is contained in a letter of date March 28, 1927, addressed by Lee Lanier, president of defendant company, to plaintiff in the following language: “On special edition work we get One Hundred Dollars ($100.00) per page. We will allow you forty per cent (40%) or Forty Dollars ($40.00) per page if it is up to us to do the writing of the copy. If you get the copy up yourself we will allow you fifty per cent (50%) or Fifty Dollars ($50.00) per page. We will give you full cooperation and turn it over to you in its entirety. A ‘Prosperity’ or Strawberry Edition of ‘Who’s Who in the Berry Belt’ ought to go over big.”
 

 There is nothing in this contract that states the number of pages of the special edition, nor the date of its publication.
 

 The working* agreement with plaintiff, which was finally entered into, became effective under an "agreement made orally when plaintiff came in person to Amite, the domicile of defendant company, on or about May 10, 1927.
 

 Under this agreement the page rate for advertising was to be $96.80, and plaintiff’s compensation depended entirely upon her collecting cash for the advertising given, so that, if she did not collect in advance, the plaintiff had to bear her loss to the extent of 40 per cent, of the contract price.
 

 No date was fixed in this o'ral agreement with plaintiff for the publication of the special edition; consequently, defendant company is not responsible for any of plaintiff’s expenses during the time she spent in the territory to be advertised. The item of $230 for these expenses must therefore be rejected.
 

 The testimony of Lee Lanier, president of defendant company, and of his son, Jack Lanier, managing editor, shows conclusively that plaintiff was paid the entire amount of the advertising obtained by her and collected for by her, and that the only difference between plaintiff and defendant company is as to a commission of about $175 for unpaid collections for credits extended by plaintiff without authority. Canceled checks
 
 *597
 
 evidencing the payments made hy defendant company to plaintiff were introduced in evidence on the trial of the case, in corroboration of the testimony of the Laniers as to the payments. The item of $3,200 alleged to be due on the 80-page special edition must therefore he rejected.
 

 As there was no agreement between plaintiff and defendant company that the special edition should contain 150 pages, plaintiff is not entitled to recover a loss of $2,800, or $40 per page on 70 pages, for alleged interference by a subscription contest put on by defendant company, even if plaintiff should be entitled to recover anything on this item at all.
 

 Conceding that plaintiff was entitled to the benefit of the entire contract, as she alleges, there is nothing in the record that shows the extent of damages suffered by her by reason of interference by the alleged subscription contest, which, she charges, was inaugurated by defendant company.
 

 Plaintiff has clearly failed to establish the contract upon which she relies, as well as the items of damages for which she sues.
 

 On the other hand, defendant company has proven with reasonable certainty a contract to pay plaintiff a commission for advertisements collected for, and for nothing else, and that the commission has been fully paid.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed.
 

 It is now ordered that there be judgment In favor of defendant company and against plaintiff, rejecting plaintiff’s demands and dismissing plaintiff’s suit, at her cost.